# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DEBORAH WYONETTE HOBBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:18-cv-01026 |
| ) | CHIEF JUDGE CRENSHAW |
| KROGER LIMITED PARTNERSHIP I, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This diversity action arises from a slip-and-fall in a Kroger store that Deborah Hobbs alleges resulted from water being left on the floor by a cleaning machine. (See Doc. No. 8.) Hobbs brings a negligence claim and requests compensatory and punitive damages. Before the Court is Kroger's Motion to Dismiss or Strike Punitive Damages Claims (Doc. No. 9), to which Hobbs has responded in opposition (Doc. No. 16) and Kroger has replied (Doc. No. 17).

I.  Discussion

   A.  Analysis Under Rule 12(b)(6)

To survive a Rule 12(b)(6) motion, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 557). "If the plaintiffs do not nudge their claims across the line from conceivable to plausible, their complaint must be dismissed." Lutz v. Chesapeake Appalachia, L.L.C., 717 F.3d 459, 464 (6th Cir. 2013) (citation and brackets omitted). Dismissal is likewise appropriate where the complaint, however factually

detailed, fails to state a claim as a matter of law. Mitchell v. McNeil, 487 F.3d 374, 379 (6th Cir. 2007). In deciding a motion to dismiss, the court is not required to accept summary allegations, legal conclusions, or unwarranted factual inferences. Mixon v. Ohio, 193 F.3d 389, 400 (6th Cir. 1999); Lillard v. Shelby Cty. Bd. of Educ., 76 F.3d 716, 726 (6th Cir. 1996).[1]

Punitive damages is not a cause of action but rather is a remedy. Kennedy v. Wal-Mart Stores, East, L.P., No. 3:17-cv-0946, 2018 WL 6330305, at *10 (M.D. Tenn. Dec. 4, 2018); Black v. Boston Scientific Corp., No. 2:17-cv-92638-SHM, 2018 WL 3431936, at * 10 (W.D. Tenn. July 16, 2018); Jimenez v. Vanderbilt Landscaping, LLC, No. 3-11-0276, 2011 WL 3027190, at *1 n.2 (M.D. Tenn. July 25, 2011). Thus, to the extent that Hobbs asserts punitive damages as a separate cause of action, that cause of action will be dismissed.

However, the Amended Complaint can be construed to seek punitive damages as a remedy. In Tennessee, a court may award punitive damages only if it finds a defendant has acted either (1) intentionally, (2) fraudulently, (3) maliciously, or (4) recklessly. Doe v. Andrews, 275 F. Supp. 3d 880, 890 (M.D. Tenn. 2017) (citing Hodges v. S. C. Toof & Co., 833 S.W. 2d 896, 901 (Tenn. 1992)); see also Rogers v. Louisville Land Co., 367 S.W.3d 196, 211 n.14 (Tenn. 2012) (noting that an award of punitive damages is limited to "the most egregious cases" and is proper only where there is clear and convincing proof that the defendant has acted either "intentionally,

---

[1] Hobbs' brief discusses at length evidence from the trial of this matter in state court before a non-suit prior to verdict, including direct citations to the trial transcript concerning Kroger's state of mind. (See Doc. No. 16.) As an initial matter, Hobbs has not offered authority that the evidence she cites has any value subsequent to her non-suit. See, e.g., Quelette v. Whittemore, 627 S.W.2d 681, 682 (Ten. Ct. App. 1981) ("When plaintiffs voluntarily dismissed their lawsuit, the effect was as if they had never filed suit.") More importantly, this is inappropriate under relevant legal standards and contrary to a prior Order of the Court. (See Doc. No. 15 (warning Plaintiff that "she is responding to a motion to dismiss, not a motion for summary judgment, and should apply the appropriate standards for considerations of fact and law"). The Court has considered the well-pleaded allegations of the Amended Complaint, taken as true, in resolving the Motion.

fraudulently, maliciously, or recklessly" under Hodges). A person acts "recklessly" when the person is aware of, but consciously disregards, a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances. Black, 2018 WL 3431936, at *10; Hodge on behalf of Estate of Hodge v. Blount Cty, Tenn., No. 3:16-cv-317, 2017 WL 3841931, at * 9 (E.D. Tenn. Sept. 1, 2017). The requirement of recklessness imposes a significantly heavier burden than a simple negligence claim. Kennedy, 2018 WL 6330305, at *4; Parker v. CSX Transp., Inc., No. 17-2262-STA-egb, 2017 WL 5560865, at *7 (W.D. Tenn. Nov. 17, 2017) (citing Duran v. Hyundai Motor Am., Inc., 271 S.W.3d 178, 207-08 (Tenn. Ct. App. 2012)).

Here, the Amended Complaint alleges that Kroger was "negligent and reckless" by: (1) using a floor cleaning machine that caused water to be left behind while it operated; (2) failing to schedule routine maintenance on the floor cleaning machines; (3) creating hazardous conditions that are not readily observable by customers; (4) failing to post warnings; and (5) being aware of all the aforementioned without developing and implementing policies to prevent the repeated risk of harm. (Doc. No. 8 at ¶¶ 5-19; 22.) According to the Amended Complaint, this was a "gross deviation from the standard of care." (Id. at ¶ 26.) Moreover, Hobbs alleges that Kroger has generally acted recklessly by failing to properly maintain its fleet of floor cleaners. (Id. at ¶ 27.) Specifically, the Amended Complaint alleges that the "squeegee" parts of floor cleaners, which have a life of 2-3 months, are routinely used until they wear out and leave water on the floor instead of being replaced on a regular basis. (Id. at ¶¶ 27-30.) Hobbs alleges that Kroger "was aware of, but had consciously disregarded" the risk of injury this caused. (Id. at ¶ 27.) Finally, the Amended Complaint claims Hobbs was injured as a result of Kroger's "negligence and recklessness." (Id. at ¶ 25.)

Kroger argues that, by Hobbs' reasoning, "every premises owner who causes or knows of a slippery condition to be on the floor is reckless, and thus every slip and fall case involves recklessness." (Doc. No. 11 at 3.) In other words, Kroger argues that if the Amended Complaint can support a claim for punitive damages, "every slip and fall case" would as well. (Id. at 3-4.) Kroger's essentially contends the Amended Complaint is premised only upon the threshold elements of premises liability that can form the basis for a negligence claim and nothing more. (Id. at 7-11.) The Court does not agree. For purposes of the instant Motion, the Court finds that Hobbs has plausibly alleged that Kroger acted recklessly, particularly regarding Kroger's failure to properly maintain its fleet of floor cleaners. Much of Kroger's argument puts the analytical cart before the horse, and it is better suited for dispositive motion practice or trial. "The time for proving that [Kroger] acted with the requisite ill intent comes later, and [Kroger's] actual intent can only be discerned through discovery." Allen v. Quest Diagnostics, Inc., No. 3:17-cv-00897, 2017 WL 3034697, at *5 (M.D. Tenn. July 17, 2017). Hobbs may have a difficult time establishing recklessness for purposes of her request for punitive damages, but his task at the pleading stage is simply "to allege enough facts to make it plausible that [Kroger] bears legal liability," Agema v. City of Allegan, 826 F.3d 326, 331 (6th Cir. 2016), so as to "unlock the doors of discovery," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court finds that Hobbs has done so, even if not by a wide margin.

Kroger's Motion will therefore be denied insofar as it seeks to dismiss punitive damages as a potential remedy.

B.  Analysis Under Rule 12(f)

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Striking a

4

pleading "should be sparingly used by the courts" because "it is a drastic remedy." Black, 2018 WL 3431936, at *4 (quoting Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953)). A motion to strike "should be granted only when 'the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.'" E.E.O.C. v. FPM Grp., Ltd., 657 F. Supp. 2d 957, 965-66 (E.D. Tenn. 2009) (quoting 5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1380 at p. 650 (2nd ed. 1990)); see also Hughes v. Lavender, 2:10-cv-674, 2011 WL 2945843, at *2 (S.D. Ohio July 20, 2011) ("Courts generally strike parts of a pleading for being scandalous or impertinent only where the language is extreme or offensive.").

Hobbs' request for punitive damages is neither fundamentally unrelated to the negligence claim, nor redundant, immaterial, impertinent, or scandalous. Accordingly, Kroger's Motion will be denied to the extent that it invokes Federal Rule of Civil Procedure 12(f) as an alternative basis to strike Hobbs' demand for punitive damages.

II.     Conclusion

Kroger's Motion to Dismiss or to Strike Punitive Damages Claims (Doc. No. 9) is **GRANTED IN PART** to the extent that Hobbs asserts a cause of action for punitive damages and **DENIED IN PART** to the extent that Hobbs asserts a remedy for punitive damages.

This case is returned to the Magistrate Judge for further case management.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE